```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

BETTYE KELLY                                          PLAINTIFF

VS.                       CIVIL ACTION NO. 5:09-cv-133(DCB)(JMR)

WAL-MART STORES, INC.;
WAL-MART STORES EAST, INC.;
WAL-MART STORES EAST, LP;
BOBBY SHUMPERT; and
JOHN DOES 1-10                                       DEFENDANTS

                  MEMORANDUM OPINION AND ORDER

    This cause is before the Court on the plaintiff's motion to remand **(docket entry 7)**, and sua sponte to address subject matter jurisdiction.  Having carefully considered the motion and response, the memoranda and applicable law, and being fully advised in the premises, the Court finds as follows:

    This case was originally filed in the Circuit Court of Warren County by Bettye Kelly ("Kelly") against Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., and Wal-Mart Stores East, LP ("the Wal-Mart defendants"), and Bobby Shumpert, as well as ten "John Doe" defendants.  In her Complaint, Kelly alleges that on July 2, 2007, while shopping in the Wal-Mart store in Vicksburg, Mississippi, she "slipped and fell in a slippery substance comprised of a leak/spillage from products located on display tables filled with hair shampoo, conditioner, sunscreen and various other items."  The original Complaint alleges four causes of action against all defendants collectively: (1) negligence, (2) negligent

training/failure to hire, (3) vicarious liability, and (4) gross negligence/punitive damages.

The Wal-Mart defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a) on grounds of diversity of citizenship jurisdiction. The plaintiff is a citizen of Mississippi. None of the Wal-Mart defendants is considered a Mississippi citizen for diversity of citizenship purposes. The removing defendants allege that although defendant Shumpert and the plaintiff are both citizens of the State of Mississippi, Shumpert has been fraudulently joined. The plaintiff filed a timely motion to remand this case to the state court, asserting that joinder of Shumpert is proper.

The burden in this case is upon the removing defendants to show that Shumpert was fraudulently joined. Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000). There are two ways in which defendants can establish fraudulent joinder: "(1) actual fraud in the pleadings of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003), citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999). Since there is no dispute that Shumpert is indeed a resident citizen of Mississippi, the removing defendants must rely on the second method.

> [T]he test for fraudulent joinder is whether the
> defendant has demonstrated that there is no possibility

of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood v. Illinois Central Railroad Company, 385 F.3d 568, 573 (5th Cir. 2004). The Court may pierce the pleadings and consider summary judgment-type evidence such as affidavits and deposition testimony. Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000). However, the Court must not pre-try a case to determine removal jurisdiction, and must "resolve all disputed questions of fact and all ambiguities in the state law in favor of the non-removing party." Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992).

In this case, the removing defendants have produced the affidavit of Bobby Shumpert who states that he left his position as manager of the Wal-Mart store in May of 2007, and was no longer an employee of Wal-Mart on July 2, 2007, when the alleged accident occurred. The affidavit constitutes uncontroverted evidence that Shumpert cannot possibly be liable to the plaintiff under applicable state law; thus, the Court finds that defendant Shumpert was fraudulently joined.

In her rebuttal memorandum, the plaintiff states that by naming "John Doe" defendants in this case she has included "other managers whose names are unknown to Plaintiff at this time and are identified as John Doe Defendants for their negligence in their own

personal acts ...." Rebuttal Mem., p. 6. She contends that the removing defendants have not shown that there is no possibility of recovery against "other managers, whose names are unknown to Plaintiff at this time and are identified as John Doe Defendants." Id., p. 3. The plaintiff's argument is unavailing, because the citizenship of defendants sued under fictitious names is disregarded for purposes of removal. See 28 U.S.C. § 1441(a).

The plaintiff also seeks "remand related discovery to identify the name of the Wal-Mart manager who was employed and in charge of the staff on July 2, 2007." Rebuttal Mem., p. 8. This request is also misplaced. In considering the plaintiff's motion to remand and the removing defendants' fraudulent joinder argument, the Court is concerned only with the plaintiff's complaint at the time of removal; therefore, only the fraudulent joinder of Bobby Shumpert is at issue. Discovery concerning the identity of the manager actually on duty on the date of the accident is not "remand related" as to the plaintiff's present motion to remand because it is not related to the question of whether Shumpert was fraudulently joined.

Once the Court has determined that it has jurisdiction, the proper course for the plaintiff is to request discovery for the ultimate purpose of seeking leave to add a party defendant pursuant to Fed.R.Civ.P. 15. See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would

destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

The plaintiff's motion to remand shall therefore be denied, and defendant Shumpert shall be dismissed from this action. For the remainder of this Opinion, the word "defendants" shall be used to refer to the Wal-Mart defendants.

Before proceeding further with this case, however, the Court is compelled to raise the issue of subject matter jurisdiction, in particular the amount in controversy. See Felton v. Greyhound Lines, Inc., 324 F.3d 771, 773 (5th Cir. 2003); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999).

Federal courts are courts of limited jurisdiction. Removing defendants bear the burden of establishing federal subject matter jurisdiction. See Pullman Co. v. Jenkins, 305 U.S. 534, 540 (1939); Jernigan v. Ashland Oil Co., 989 F.2d 812, 815 (5th Cir. 1993). "Only state-court actions that could have originally been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, where there is no federal question basis for jurisdiction, as in this case, the defendants bear the burden of showing that diversity jurisdiction exists.

Pursuant to 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between . . . citizens of different States[.]" While there is no question that the parties in this case are "citizens of different States[,]" it is uncertain whether the requisite amount in controversy has been met. The Fifth Circuit Court of Appeals, in White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003), described the following procedure for determining whether the jurisdictional amount in controversy has been established:

> In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

The Fifth Circuit has also recognized that while plaintiffs are generally "masters of their complaints,"[1] there is a potential for manipulation of federal jurisdiction by allowing a party to plead damages less than the jurisdictional amount "if their pleadings do not limit the actual damages they may ultimately collect." Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 n.14 (5th Cir. 1995). Where no amount has been specifically pled in the complaint, the defendants may still establish federal jurisdiction by showing through a preponderance of the evidence that the amount

---

[1] See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) (holding that where the complaint requests a specific sum of damages, that amount controls if made in good faith).

6

in controversy exceeds the statutory requisite. De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). Removal "cannot be based simply upon conclusory allegations." Felton v. Greyhound Lines, Inc., 324 F.3d 771, 774 (5th Cir. 2003)(citing Allen, 63 F.3d at 1335).

As the underlying complaint in this case does not request a specific amount of damages, that pleading must be further examined to determine if it is otherwise "facially apparent" that the requisite amount in controversy has been met. This analysis focuses on the nature of the damages alleged. See Simon v. Walmart Stores, Inc., 193 F.3d 848, 851 (5th Cir. 1999)(holding that damages comprising an injured shoulder, bruises, abrasions, unidentified medical expenses and a loss of consortium did not satisfy the amount in controversy requirement). But see Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999)(holding that jurisdictional amount was met where the complaint listed damages including property damages, travel expenses, emergency ambulance trip, six-day hospital stay, pain and suffering, humiliation and a temporary inability to do housework).

In this case, the plaintiff alleges that after she fell,

> she was taken by ambulance to the River Region Hospital in Vicksburg, Mississippi for treatment, and she has incurred and continues to incur several thousands of dollars of damages as a result of her injuries. Plaintiff continues to experience severe pain and reduction in quality of life. Due to her continued pain and knee injuries, she anticipates having future medical bills and treatment.

Complaint, ¶ 9. While these injuries, as alleged, could well be sufficient to justify a damage award surpassing the requisite amount in controversy, without knowing the exact nature of the injuries sustained by Kelly it is not "facially apparent" from the complaint that the amount in controversy has been met. Thus, the defendants must set forth facts beyond the complaint to establish federal jurisdiction.

On the other hand, the plaintiff has given no indication that she intends to limit her claimed damages below the jurisdictional amount of this Court. She made no claim for a specific sum of damages in her complaint or in her Motion for Remand. Neither has she provided an affidavit indicating that her claimed damages do not meet the amount in controversy requisite. The presence of a binding affidavit submitted by the plaintiff that limits her ability to recover more than the jurisdictional amount would, if offered, place this case within the holding of <u>Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia, S.A.</u>, 988 F.2d 559, 566 (5th Cir. 1993), <u>abrogated on other grounds</u> by <u>Marathon Oil Co. v. Ruhrgas</u>, 145 F.2d 211 (5th Cir. 1998). <u>See</u> <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880, 883 (5th Cir. 2000)(holding that post-removal affidavits can be considered in determining the amount in controversy if jurisdiction is ambiguous at the time of removal); <u>In re Norplant Contraceptive Prods. Liability Litigation</u>, 918 F. Supp. 178, 179

(E.D. Tex. 1996)(holding that a plaintiff can defeat removal by filing a binding affidavit with her complaint stating that she will not seek or accept more than the jurisdictional amount). Thus, if so inclined, the plaintiff may easily establish lack of federal jurisdiction by submitting an affidavit.

The Court declines to speculate as to whether the jurisdictional amount is present in this case. In the absence of an affidavit from the plaintiff which states that she will not seek, nor will she accept, more than $75,000.00, exclusive of interest and costs, the parties will be required to produce to the Court all evidence that they have as to known and ascertainable damages that the plaintiff is claiming in the present suit. Such damages could include, but are not limited to, medical expenses for Kelly's injuries and loss of wages. Additionally, if there is no affidavit, the parties will provide the Court with a detailed description of the full extent of Kelly's alleged injuries. After such evidence has been produced, the defendants will then have the opportunity to demonstrate to the Court why federal diversity jurisdiction is proper over this action.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion to remand **(docket entry 7)** is DENIED;

FURTHER ORDERED that defendant Bobby Shumpert is dismissed from this action;

FURTHER ORDERED that the plaintiff has five (5) days from entry of this Order to file a Notice to this Court indicating whether or not she intends to submit a binding affidavit limiting her recovery from the defendants to less than $75,000.00, exclusive of interest and costs;

FURTHER ORDERED that if the plaintiff indicates in her Notice that she will not file a binding affidavit limiting her recovery below the jurisdictional amount of this Court, both the plaintiff and the defendants shall produce evidence to this Court within ten (10) days of service of such Notice, demonstrating all known and ascertainable damages which the plaintiff may seek in this case, including a description of the extent of Kelly's injuries and all medical expenses that she has incurred as a result of the July 2, 2007, accident;

FURTHER ORDERED that the defendants have seven (7) days, from the date all parties have submitted their evidence to the Court, to show cause to this Court why it has subject matter jurisdiction and why this case should not be remanded to the Circuit Court of Jefferson County, Mississippi.

SO ORDERED, this the 17th day of June, 2010.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE